## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

PAVEL S. IVANOV,

    Petitioner,

    v.

PAIGE C. JONES, *Warden*, and
MARYLAND ATTORNEY GENERAL,

    Respondents.

Civil Action No. TDC-23-2903

### MEMORANDUM ORDER

Self-represented Petitioner Pavel S. Ivanov, currently confined at the Patuxent Institution in Jessup, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he collaterally attacks his 2015 conviction for first-degree murder in the Circuit Court for Montgomery County, Maryland. The Petition is fully briefed. Ivanov has also filed a Motion for Release, a Motion for an Evidentiary Hearing, a Motion for Leave to Proceed In Forma Pauperis, a Motion for a Default Judgment, and a Motion for Sanctions. ECF Nos. 3, 4, 5, 9, 10. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Motions will be DENIED.

### BACKGROUND

On June 5, 2015, following a five-day jury trial in the Circuit Court for Montgomery County ("the Circuit Court"), Ivanov was convicted of first-degree murder. On December 9, 2015, he was sentenced to a term of life imprisonment.

On December 9, 2015, Ivanov filed a timely appeal to the Court of Special Appeals of Maryland, now known as the Appellate Court of Maryland ("the Maryland Appellate Court"), challenging his conviction based on the following arguments: (1) the trial court committed plain error in permitting the State to question him concerning details that he omitted from his statement to the police; (2) the trial court committed plain error in instructing the jury that his statements to the police were admissible as substantive evidence; (3) the trial court abused its discretion by limiting the scope of cross-examination about a witness's prior bad act; (4) the trial court abused its discretion by excluding evidence that he sought to introduce as a prior consistent statement or, alternatively, for rehabilitation; and (5) the trial court abused its discretion in permitting him to discharge his counsel prior to sentencing and in denying a subsequent request for a postponement of sentencing. Ivanov's conviction was affirmed by the Maryland Appellate Court on February 9, 2017.

On March 28, 2017, Ivanov filed a petition for a writ of certiorari to the Court of Appeals of Maryland, now known as the Supreme Court of Maryland ("the Maryland Supreme Court"), in which he argued that he was denied due process when the trial court "permitted the prosecutor to question him about 'what he did *not* tell the police and to argue such omissions in closing argument, even though the omissions were a result of Ivanov's post-arrest, post-*Miranda* invocation of counsel." State Record ("S.R.") 191, ECF No. 8-1 (footnote omitted). The petition was denied on June 21, 2017.

On January 8, 2016, Ivanov filed in the Circuit Court a Motion Requesting Review by a Three-Judge Panel of his sentence. On September 26, 2018, the court modified Ivanov's sentence to a term of life imprisonment with all but 50 years suspended, with credit for time served and five years of supervised probation upon release. Ivanov filed an appeal on October 19, 2018, which

was dismissed on August 6, 2019 as not permitted by law. Ivanov also filed a Motion for Reconsideration of the Sentence pursuant to Maryland Rule 4-345(e), which was denied on November 21, 2023. Ivanov has never filed a state petition for post-conviction relief.

## DISCUSSION

In the meantime, on October 20, 2023, Ivanov filed in this Court the instant Petition for a Writ of Habeas Corpus in which he challenged his conviction on the grounds that: (1) the State impermissibly utilized his custodial silence against him during cross-examination and closing argument to impeach his claim of self-defense; and (2) his trial counsel provided ineffective assistance of counsel by failing to request an instruction on mitigation doctrines such as heat of passion. In their Limited Answer, Respondents argue in part that the Court should dismiss the Petition without prejudice because it cannot adjudicate a "mixed petition" which includes an exhausted and unexhausted claim. Ans. at 25, ECF No. 8.

## I.    Exhaustion of State Remedies

Before a prisoner may file a petition seeking habeas relief in federal court, the prisoner must exhaust state remedies as to each claim presented to the federal court. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b), (c) (2018). In Maryland, a claim may be exhausted through a direct appeal to the Maryland Appellate Court, followed by a petition for a writ of certiorari to the Maryland Supreme Court. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12–201, 12–301 (West 2020). A claim may also be exhausted through a state petition for post-conviction relief filed in a Maryland Circuit Court under the Uniform Postconviction Procedure Act ("UPPA"), Md. Code. Ann., Crim. Proc. § 7–102 (West 2020), followed by an application for leave to appeal to the Maryland Appellate Court, *id.* § 7–109. If

the Maryland Appellate Court denies the application, there is no further review available and the claim is exhausted. *See* Md. Code Ann., Cts. & Jud. Proc. § 12–202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for a writ of certiorari to the Maryland Supreme Court. *See Williams v. State*, 438 A.2d 1301, 1305 (Md. 1981).

A petition containing any claims which have not been exhausted in the state courts must be dismissed without prejudice to afford the petitioner the opportunity to pursue available state remedies. *See Rose*, 455 U.S. at 522. Here, Ivanov did not raise his ineffective-assistance-of-counsel claim in his direct appeal or through a state petition for post-conviction relief under the UPPA. Because a state petition for post-conviction relief may be filed within 10 years of the imposition of sentence, Md. Code Ann., Crim. Proc. § 7–103(b), Ivanov may still file such a petition and therefore has not exhausted state remedies on that claim.

Thus, even though Ivanov may have exhausted state remedies as to the claim of impermissible use of his custodial silence, the Petition as currently presented must be dismissed without prejudice. *See Rose*, 455 U.S. at 522. If dismissed, Ivanov could seek to assert any unexhausted claims in a state petition for post-conviction relief and then, upon receiving a ruling, file a renewed federal petition asserting any remaining exhausted claims. Ivanov is forewarned, however, that any renewed federal petition would be subject to the one-year statute of limitations applicable to federal habeas petitions, which, as relevant here, runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," subject to the rule that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §

2244(d). Although the one-year period is tolled while a properly filed state petition for post-conviction relief is pending and may otherwise be equitably tolled, any time prior to the filing of the original Petition that properly counted toward the one-year limitations period, any time following a dismissal of the original Petition that elapses before the filing of a state petition for post-conviction relief, and any time that elapses after a ruling on such a state petition but before the filing of any renewed federal petition, would count toward the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Under these circumstances, the Court will provide Ivanov the opportunity to voluntarily withdraw his unexhausted ineffective-assistance-of-counsel claim, which would allow the Court to refrain from dismissing the Petition and instead consider his remaining exhausted claim only. He could then file a state petition for post-conviction relief on the unexhausted ineffective-assistance-of-counsel claim. Ivanov is forewarned, however, that if he withdraws his unexhausted claim, he would generally be barred from advancing a second federal petition to re-assert the claim if he is unsuccessful on that claim in state post-conviction proceedings, as he may file a second federal habeas petition only if he has sought and obtained authorization from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000).

## II.    Pending Motions

As to the pending motions, the Court will deny them on the following grounds. First, the Motion for Release, ECF No. 3, fails because where the merits of his Petition have not yet been considered, this Court has no authority to order Ivanov's release from state custody.

Second, in the Motion for an Evidentiary Hearing, ECF No. 4, Ivanov seeks an evidentiary hearing so that he may expand the record to include a police interview in which his mother

allegedly reported that Ivanov told her that he had been threatened with a gun.  Because, as discussed above, the Petition may be dismissed imminently as containing exhausted and unexhausted claims, the need for an evidentiary hearing has not been established, and the request is premature. *See supra* part I.  Accordingly, the Motion for an Evidentiary Hearing will be denied.

Third, the Motion for Leave to Proceed in Forma Pauperis, ECF No. 5, will be denied because Ivanov has already paid the full filing fee for this case.

Fourth, the Motion for a Default Judgment, ECF No. 9, will be denied because Respondents filed a Limited Answer, and Ivanov's disagreement with Respondents' legal arguments does not serve as a basis for a default judgment.

Finally, in the Motion for Sanctions, ECF No. 10, Ivanov argues that the Court should sanction Respondents under Federal Rule of Civil Procedure 11 because they did not address the merits of his Petition and because they attached voluminous records to their Limited Answer, which Ivanov asserts was an attempt to "cause unnecessary delay or needlessly increase the cost of litigation." Mot. Sanctions at 2-3, ECF No. 10.  The Motion fails because the Petition is not, in fact, ripe for a decision on the merits, and there is no requirement that a respondent provide only the relevant parts of the transcripts from prior proceedings.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. The Motion for Release, ECF No. 3, is DENIED.

2. The Motion for an Evidentiary Hearing, ECF No. 4, is DENIED.

3. The Motion for Leave to Proceed In Forma Pauperis, ECF No. 5, is DENIED AS MOOT.

4. The Motion for a Default Judgment, ECF No. 9, is DENIED.

5. The Motion for Sanctions,  ECF No. 10, is DENIED.

6. Ivanov shall file a Notice within **28 days** of the date of this Order stating whether he will voluntarily withdraw the unexhausted ineffective-assistance-of-counsel claim. If he withdraws the claim, the Court will consider the remaining claim in the Petition.

7. If Ivanov declines to voluntarily withdraw the unexhausted ineffective-assistance-of-counsel claim, or if he fails to file the required Notice by the stated deadline, the Court will dismiss the Petition without prejudice based on the failure to exhaust state remedies.

8. The Clerk shall mail a copy of this Memorandum Order to Ivanov.


Date:  April 16, 2024

THEODORE D. CHUANG
United States District Judge